Charles Greenfield, Nat. Organization of Legal Services Workers, Hayward, Cal., for petitioner-appellant.

Kent Jonas and Priscilla J. Cortez, Graham & James, San Francisco, Cal., for respondent-appellee.

**CONTRA COSTA LEGAL ASSISTANCE WORKERS, Petitioner–Appellant,**

v.

**CONTRA COSTA LEGAL SERVICES FOUNDATION, Respondent–Appellee.**

No. 88–2779.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1989.

Decided July 3, 1989.

Before FARRIS, THOMPSON and TROTT, Circuit Judges.

PER CURIAM:

Contra Costa Legal Assistance Workers, a labor union, appeals the district court's refusal to compel Contra Costa Legal Services Foundation to arbitrate an employee grievance. The district court granted the Foundation's cross-motion for summary judgment in the union's action to compel arbitration. We affirm.

The union claims that the grievance of a Foundation employee, Robert Moore, was subject to the arbitration provision contained in the collective bargaining agreement between the union and the Foundation. Moore was informed that he was being laid off due to a decrease in the Foundation's projected income. We review de novo the district court's grant of summary judgment. *National Basketball Ass'n v. SDC Basketball Club, Inc.*, 815 F.2d 562, 565 (9th Cir.), *cert. dismissed,* —— U.S. ——, 108 S.Ct. 362, 98 L.Ed.2d 386 (1987).

■ Arbitration is a "matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steel Workers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). An arbitration clause in a collective bargaining agreement creates a presumption of arbitrability. *Id.* at 583–83, 80 S.Ct. at 1353. An order to arbitrate should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). However, evidence of a purpose to exclude a claim from arbitration rebuts the presumption of arbitrability. *Teamsters Local 315 v. Union Oil Co. of California*, 856 F.2d 1307, 1314 (9th Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 869, 102 L.Ed.2d 993 (1989).

The collective bargaining agreement between the union and the Foundation provides for a four step grievance process. The final step of the process is arbitration. The agreement provides:

> Except as otherwise provided for in Section G of this Article, if the grievance has not been satisfactorily resolved at Step One, Step Two, or Step Three, the Union or CCLSF may submit the dispute to arbitration by filing a written notice of intention to submit the dispute to arbitration within twenty (20) working days after the final decision in Step Three.

The agreement lists exceptions to this arbitration clause as follows:

> The following disputes shall not be subject to the full grievance procedure as set forth herein, but shall only be subject to such procedures as are hereafter specified: ...
>
> 2. Performance evaluations of reprimand, imposition of disciplinary action which does not result in suspension or discharge, actions on request for promotion, and *layoff and recall decisions,* may proceed only through Step Three of the grievance procedure.

(Emphasis added).

■ We find that the trial court properly concluded that the challenge here is to a layoff decision. Throughout the grievance process, Moore and the union have characterized Moore's grievance as a claim that the layoff decision violated the collective bargaining agreement. The union attempts to circumvent the exclusion of layoff decisions from the arbitration clause by claiming that the layoff decision violated numerous provisions of the collective bargaining agreement other than the provision which reserves the Foundation's right to determine who will be laid off. Based on this claim, the union reasons that Moore's grievance is not a "layoff decision" grievance. To determine the nature of a grievance, we must review the specific language of the collective bargaining agreement *and* the facts alleged in the grievance. We are satisfied by the record that the challenge is to a layoff decision. There is no dispute that the employee was *recalled* as opposed to rehired.

Arbitration is not required whenever a party asserts that another party has breached a collective bargaining agreement. "Nothing in our jurisprudence requires an employer who has not agreed to submit all contractual disputes to arbitration to submit any of its policies or decisions to the scrutiny of an arbitrator. The parties, not the courts, decide whether and to what extent their disputes will be subject to binding arbitration...." *Building Materials and Construction Teamsters Local No. 216 v. Granite Rock Co.*, 851 F.2d 1190, 1194–95 (9th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). The parties did not agree to arbitrate disputes about layoff decisions.

AFFIRMED.